FILED
CLERK
3:52 pm, Feb 04, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
KELLY RYDSTROM,

                              Plaintiff,

  -against-

HOME DEPOT U.S.A., INC. and
PECK BROTHERS, LLC,

                              Defendants.
--------------------------------------------------------X

**ORDER**
16-CV-2833 (SJF)(SIL)

FEUERSTEIN, District Judge:

Pending before the Court is the Report and Recommendation of the Honorable Steven I. Locke, United States Magistrate Judge, dated January 7, 2019 ("the Report"), *inter alia*, (1) recommending that the motion of defendant Peck Brothers, LLC ("Peck Brothers") seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing the claims of plaintiff Kelly Rydstrom ("plaintiff") and the crossclaims of defendant Home Depot U.S.A., Inc. ("Home Depot") against it be granted, and that plaintiff's claims and Home Depot's crossclaims against Peck Brothers be dismissed in their entirety with prejudice; and (2) advising, *inter alia*, (a) that "[a]ny objections to th[e] Report . . . must be filed with the Clerk of the Court within fourteen (14) days of receipt of th[e] report[,]" (Report at 19), and (b) that "[f]ailure to file objections within the specified time waives the right to appeal the District Court's order." (*Id.*) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a); *Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at * 2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); and *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996)). A copy of the Report was served upon counsel for all parties via ECF on January 7, 2019. (*See* Docket Entry ["DE"] 62).

No party has filed any timely objections to the Report, nor sought an extension of time to do so. For the reasons set forth below, the Report is accepted in its entirety.

I.  Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Where a party "received clear notice of the consequences of the failure to object" to a report and recommendation on a dispositive matter, *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted); *accord Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989), his "failure to object timely to [that] report waives any further judicial review of the report." *Frank*, 968 F.2d at 16; *see also Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015); *Caidor v. Onondago County*, 517 F.3d 601, 604 (2d Cir. 2008).

Nonetheless, the waiver rule is "nonjurisdictional" and, thus, the Court may excuse a violation thereof "in the interests of justice." *King v. City of New York, Dep't of Corr.*, 419 F. App'x 25, 27 (2d Cir. Apr. 4, 2011) (summary order) (quoting *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)); *see also DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir. 2000). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the

defaulting party." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000); *accord Maitland v. Fishbein*, 712 F. App'x 90, 92 (2d Cir. Feb. 26, 2018) (summary order).

II. Review of Report

Since no party has filed any timely objections to Magistrate Judge Locke's Report, nor sought an extension of time to do so, they have "waive[d] any further judicial review of the findings contained in the [R]eport." *Spence*, 219 F.3d at 174. Moreover, as the Report is not plainly erroneous, the Court will not exercise its discretion to excuse the parties' default in filing timely objections to the Report in the interests of justice. Accordingly, the Report is accepted in its entirety and, for the reasons set forth therein, Peck Brothers' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted and Peck Brothers is granted judgment dismissing plaintiff's claims and Home Depot's crossclaims against it in their entirety with prejudice. There being no just reason for delay, the Clerk of the Court shall enter judgment in favor of Peck Brothers pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SO ORDERED.

                                                                /s/
                                              SANDRA J. FEUERSTEIN
                                              United States District Judge

Dated: February 4, 2019
       Central Islip, New York